

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00069-CV

_____

IN THE MATTER OF D.A.B.

On Appeal from the County Court at Law No. 1, Sitting as a Juvenile Court
Angelina County, Texas
Trial Court No. 3647

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

D.A.B. had been found to have engaged in delinquent conduct (aggravated robbery) and was committed to the care, custody, and control of the Texas Youth Commission (TYC) for a determinate sentence of ten years. After having served less than three years of the determinate sentence, the County Court at Law of Angelina County, sitting as a juvenile court, ordered D.A.B.'s transfer from the TYC to the Texas Department of Criminal Justice (TDCJ). D.A.B. has appealed this order, alleging that the trial court erred in ordering that transfer.[1] The State apparently opted to file no brief (even after notice that such a brief was overdue), and this matter was submitted for consideration.

Section 61.084(e) of the Texas Human Resources Code prohibits the TYC from retaining custody of a youthful offender beyond his nineteenth birthday. *See* TEX. HUM. RES. CODE ANN. § 61.084(e), (g) (Vernon Supp. 2010). If the youthful offender had been found to engage in conduct constituting a first-degree felony, the TYC is prohibited from releasing a child on parole without approval of the juvenile court that entered the order of commitment unless the youthful offender had served three years of his determinative sentence. *See* TEX. HUM. RES. CODE ANN. § 61.081(f) (Vernon 2001). Because D.A.B. would become nineteen years old before he had completed three years of his determinate sentence for aggravated robbery, D.A.B. did not qualify

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

for release on parole from the TYC. In determining whether the youthful offender should be released on parole, the trial court may consider: (1) "the experiences and character of the person before and after commitment to the youth commission"; (2) "the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed"; (3) "the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family"; (4) "the recommendations of the youth commission and prosecuting attorney"; (5) "the best interests of the person"; and (6) "any other factor relevant to the issue to be decided." TEX. FAM. CODE ANN. § 54.11(k) (Vernon Supp. 2010). The trial court may either return the youth to the TYC without authority to transfer to the TDCJ or transfer the youthful offender to the TDCJ for the balance of the determinate sentence. TEX. FAM. CODE ANN. § 54.11(i) (Vernon Supp. 2010). We review the trial court's decision under an abuse of discretion standard. *In re J.B.L.*, 318 S.W.3d 544 (Tex. App.—Beaumont 2010, pet. filed); *In re F.D.*, 245 S.W.3d 110, 113 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion if it acts arbitrarily and unreasonably or without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Leonard Cucolo, a court liason for the TYC, testified that the recommendation of the TYC was for D.A.B. to be transferred to the TDCJ. Cucolo testified that D.A.B., who was on his second commitment to the TYC, had not made significant progress in his treatment program. Cucolo testified D.A.B. had thirty-seven incidents of misconduct, including the possession of

3

contraband and assaults, had been given thirty-four referrals, and had been placed in a secured unit on ten occasions during the approximate twenty-one-month period he had been in the custody of the TYC. According to Cucolo, these incidents demonstrated that D.A.B. posed a risk of committing crimes if released into an environment that was less structured than that maintained at the TYC. Cucolo further testified that he did not believe that D.A.B. had completely internalized the necessary values and treatment objectives in order for him to be safe in the community. On the positive side, Cucolo admitted D.A.B. did well academically, had completed his GED, had obtained seventeen credits toward his high school diploma, and had received a certificate in air conditioning repair. When presented with a "residential pack" containing an assessment of D.A.B.'s level of risk, Cucolo admitted the highest risk factor was aggression, with a twenty percent chance of risk. Cucolo also admitted D.A.B. had a number of "protective factors," which are an assessment of facts that reduce the likelihood of reoffending. Cucolo, however, testified the "residential pack" indicates a high level of risk.

D.A.B. testified his progress through the four phases of the rehabilitation process[2] was delayed by the appeal of his commitment order. D.A.B. testified that he could not progress to phase three because the TYC wanted D.A.B. to admit his guilt of the offense causing him to have

---

[2]Cucolo testified that there are four stages of the rehabilitation process and that D.A.B. had been promoted to stage four in December 2009.

4

been committed to the TYC.[3] D.A.B. maintained he had not committed the conduct he had been accused of committing. When asked whether twenty of the incident reports were "disruptions or attitude," D.A.B. replied, "Yes sir." D.A.B. testified that in an incident wherein it was alleged that he had engaged in an assault while in the TYC's custody, he had only been blocking blows from another youth and had not been fighting. D.A.B. testified he had completed the Alcohol and Other Drug Program at Giddings State School. The defense introduced a transcript from the Giddings State School which showed that D.A.B. had earned twenty of the twenty-two credits needed to receive a high school diploma. D.A.B. had completed three hours of college level courses through Navarro College and had maintained a 3.0 grade-point average.

We cannot say the trial court abused its discretion in ordering D.A.B. to be transferred to the custody of the Institutional Division of the TDCJ. The trial court was presented with evidence of D.A.B.'s repeated disruptive and uncooperative behavior during his time at the TYC, the nature of the delinquent conduct, the recommendations of the TYC, D.A.B.'s age, and the fact that

---

[3]Cucolo testified a youthful offender would be required to acknowledge the offense for which they were committed during stage three of the process and the youthful offender must successfully complete stage three before moving to stage four. We note that D.A.B. argues, on appeal, that the trial court's consideration of D.A.B.'s failure to complete the four stages of the rehabilitation process violated his constitutional right to remain silent. D.A.B. testified that the TYC delayed his progression to stage four because he refused to admit that he committed the delinquent conduct for which he was committed. D.A.B. cites *J.S.L. v. State*, No. 05-96-00690-CV, 1997 Tex. App. LEXIS 3289 (Tex. App.—Dallas June 25, 1997, no writ) (not designated for publication) (trial court's comment on lack of remorse indicated improper consideration of defendant's right to remain silent), in support of his argument. First, memorandum or unpublished opinions are not binding precedent. Second, unlike *J.S.L.*, there is no indication in the record that the trial court considered D.A.B.'s refusal to admit that he committed the delinquent conduct. Finally, this issue has not been preserved for appellate review. D.A.B. did not object to Cucolo's testimony that D.A.B. failed to progress through all the stages of the TYC rehabilitation process. The issue of whether Cucolo's testimony violated D.A.B.'s right to remain silent was never presented to the trial court and has not been preserved for appellate review. TEX. R. APP. P. 33.1.

D.A.B. had been confined at the TYC for less than three years of his assessed ten-year sentence.

We are unable to conclude the trial court's decision was arbitrary or capricious.

For the reasons stated, we affirm.


                                        Bailey C. Moseley
                                        Justice

Date Submitted:       December 1, 2010
Date Decided:         December 2, 2010